UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 09-17308-HRT |
| DOUGLAS L. JACKSON | ) |
| XXX-XX-6674 | ) Chapter 11 |
| and | ) |
| | ) |
| HOLLY K. JACKSON | ) |
| XXX-XX-4031 | ) |
| | ) |
| Debtors. | ) |

## CHAPTER 11 PLAN OF REORGANIZATION
## DATED JULY 20, 2009

Douglas L. Jackson and Holly K. Jackson (the "Jacksons" or "Debtors"), Debtors and Debtors-in-Possession, hereby propose, pursuant to Chapter 11, Title 11 of the United States Code, the following Plan of Reorganization.

## ARTICLE I
## INTRODUCTION

The Debtors are individuals who reside at 5019 Carefree Trail, Parker, Colorado. This Plan provides for the reorganization of the Debtors' financial affairs under Chapter 11 of the Bankruptcy Code. Pursuant to the Plan, Mr. Jackson will continue his occupation as a financial planer. A more complete history of the Debtors, an explanation of this Plan, and a description of the Debtors' financial condition and future business activity is contained in the Disclosure Statement which accompanies this Plan. Reference should be made to the Disclosure Statement by all creditors and parties who intend to cast a ballot for or against this Plan.

## ARTICLE II
## DEFINITIONS

2.01 - <u>Administrative Claim</u> shall mean a Claim for payment of an administrative expense of a kind specified in §§ 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to § 507(a)(2) of the Bankruptcy Code, including, but not limited to: (a) the actual, necessary costs

and expenses, incurred after the Petition Date, of preserving the estate and operating the business of the Debtors, including wages, salaries, or commissions for services rendered after the commencement of the Chapter 11 Case; (b) Professional Fee Claims; (c) all fees and charges assessed against the estate under 28 U.S.C. § 1930; and (d) all Allowed Claims that are entitled to be treated as Administrative Claims pursuant to a Final Order of the Bankruptcy Court under § 546(c)(2)(A) of the Bankruptcy Code.

2.02 – <u>Allowed Claim</u> shall mean a claim in respect of which a Proof of Claim has been filed with the Court within the applicable time period of limitation fixed by Court Order in this case or scheduled in the list of creditors prepared and filed with the Court pursuant to Bankruptcy Rule 1007(b) and not listed as disputed, contingent or unliquidated as to amount, in either case as to which no timely objection to the allowance thereof has been filed pursuant to Bankruptcy Rules 3001 and 3007 or as to which any such objection has been determined by a Final order.

2.03 - <u>Allowed Secured Claim</u> shall mean an allowed claim secured by a lien, security interest or other charge against or interest in property in which the Debtors has an interest, or which is subject to setoff under Section 553 of the Code, to the extent the value (determined in accordance with Section 506(a) of the Code) of the interest of the holder of any such allowed claim and the Debtors' interest in such property or to the extent of the amount subject to such setoff as the case may be.

2.04 - <u>Avoidance Actions</u> means the Debtors' estate's interest in any and all Claims, rights and causes of action which have been or may be commenced by or on behalf of the Debtors to avoid and recover any transfers of property determined to be preferential, fraudulent or otherwise avoidable pursuant to §§ 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code, or under any other applicable law, or otherwise subject to equitable subordination under § 510 of the Bankruptcy Code, regardless of whether or not such actions have been commenced prior to the Effective Date.

2.05 - <u>Claim</u> shall mean any right to payment, or right to any equitable remedy for breach of performance if such breach gives rise to the right to payment, against the Debtors in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, natured, unmatured, disputed, undisputed, legal, secured or unsecured.

2.06 - <u>Class</u> shall mean any Class into which Allowed Claims are classified pursuant to Article III.

2.07 - <u>Class 1,2,3,4,5, 6, 8, 9, 10, and 11 Claims and Interests</u> shall mean the Allowed Claims and Interests so classified in Article III.

2.08 - <u>Code</u> shall mean the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* and any amendments thereof.

2.09 - <u>Confirmation Date</u> shall mean the date upon which the Order of Confirmation is entered by the Court.

2.10 - <u>Court</u> shall mean the United States Bankruptcy Court for the District of Colorado in which the Debtors' Chapter 11 case, pursuant to which this Plan is proposed, is pending and any Court having competent jurisdiction to hear appeal or certiorari proceedings therefrom.

2.11 - <u>Debtors</u> shall mean the Debtors who are proposing this Chapter 11 Plan.

2.12 - <u>Disclosure Statement</u> shall mean the Disclosure Statement which is approved by the Court according to 11 U.S.C. § 1125 to be utilized to solicit votes for this Plan.

2.13 - <u>Disputed Claim</u> means any Claim which is not an Allowed Claim, including, without limitation, any Claim designated as disputed, contingent or unliquidated in Debtors' schedules filed in connection with this case, or any Claim against which an objection to the allowance thereof has been interposed, and as to which no Final Order has been entered.

2.14 - <u>Effective Date of the Plan</u> shall mean the date on which the Order of Confirmation is entered or if a stay is entered pending appeal of the Order of Confirmation, the date on which the stay is no longer in effect.

2.15 - <u>Final Order</u> shall mean an order or judgment of the Bankruptcy Court which shall not have been reversed, stayed, modified or amended and as to which (a) at the time to appeal from or to seek review, rehearing or certiorari shall have expired and (b) no appeal or petition for review, rehearing or certiorari is pending or if appealed shall have been affirmed, or the appeal dismissed by the highest court to which such order was appealed, or if review, rehearing or certiorari was sought, such review, rehearing or certiorari has been denied and nor further hearing, appeal or petition for review, rehearing or certiorari can be taken or granted or as to which any right to appeal or to seek a review, rehearing or certiorari has been waived.

2.16 - - <u>Interest</u> shall mean any share of common stock or any other instrument evidencing any ownership interest in the Debtors and any option, warrant or right of any nature, contractual or otherwise, to acquire common stock or an ownership interest in the Debtors.

2.17 - <u>Order of Confirmation</u> shall mean the Order entered by the Court confirming the Plan in accordance with the provisions of Chapter 11 of the Code.

2.18 - <u>Petition Date</u> shall mean the date on which the Debtors' order for relief entered.

2.19 - <u>Plan</u> shall mean this Chapter 11 Plan, as amended in accordance with the terms hereof or modified in accordance with the Code, including all exhibits and schedules attached hereto or referenced.

2.20 - <u>Priority Claim</u> means any pre-petition Claim entitled to a priority in payment under § 507(a) of the Bankruptcy Code, but shall not include any Administrative Claim or Tax Claims.

2.21 - <u>Pro Rata</u> shall mean the ratio of an Allowed Claim or Interest in a particular Class to the aggregate amount of all Allowed Claims or Interests in that Class.

2.22 - <u>Professional Fees</u> means the Administrative Claims for compensation and reimbursement submitted pursuant to §§ 330, 331 and 503(b) of the Bankruptcy Code by a Professional Person.

2.23 - <u>Rules</u> shall mean the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules for the District of Colorado as adopted by the Court.

2.24 – <u>Unsecured Creditor Account</u> shall mean that segregated account referenced and established pursuant to paragraphs 7.1 and 9.2 of this Plan, into which the Debtors will deposit $1,111 a month until Class 10 has been paid in $40,000 and all Unclassified Priority Claims have been satisfied in full. The account will be maintained at a Federally insured banking institution and the account shall be maintained within the insurance limit of the institution.

2.25 - <u>Tax Claims</u> means any Claim of a governmental unit for taxes entitled to priority pursuant to 11 U.S.C. § 507(a)(8).

2.26 - <u>Unclassified Priority Claims</u> shall mean Claims pursuant to Section 507(a)(2) which are Administrative Claims Allowed under Section 503(b) of the Code and any fees and charges against the estates under Chapter 123 of Title 28 of the United States Code and shall further mean Allowed unsecured Claims of governmental units to the extent provided for in Section 507(a)(8) of the Code.

2.27 - <u>Other Definitions</u>. Unless the context otherwise requires, any capitalized term used and not defined herein or elsewhere in the Plan but that is defined in the Bankruptcy Code or Bankruptcy Rules shall have the meaning set forth therein.

# ARTICLE III

## DESIGNATION OF CLAIMS AND INTERESTS

The following is a designation of all classes of Claims and Interests other than those Claims of a kind specified in Sections 507(a)(2), 507(a)(3) or 507(a)(8) of the Code.

<u>Class 1</u> - All Allowed unsecured Claims specified in Section 507(a)(4), 507(a)(5) or 507(a)(6) of the Code as having priority.

<u>Class 2</u> - The Allowed Secured Claim of Countrywide Bank on account of the first mortgage or deed of trust encumbering the 5019 Carefree Trail, Parker, Colorado property.

<u>Class 3</u> – The Secured Claim of JP Morgan Chase Bank NA (f/k/a Washington Mutual) on account of the second mortgage or deed of trust encumbering the 5019 Carefree Trail, Parker, Colorado property.

<u>Class 4</u> - The Allowed Secured Claim of Aurora Loan Services on account of the first mortgage or deed of trust encumbering the 8626 South 51st Street, Unit 1, Phoenix, Arizona property.

<u>Class 5</u> - The Secured Claim of Aurora Loan Services on account of the second mortgage or deed of trust encumbering the 8626 South 51st Street, Unit 1, Phoenix, Arizona property.

<u>Class 6</u> - The Allowed Secured Claim of Indy Mac Federal Bank on account of the first mortgage or deed of trust encumbering the 7767 South Gozzer Road, Harrison, Idaho property.

<u>Class 7</u> – The Allowed Secured Claim of Kootenai County Treasurer.

<u>Class 8</u> – The Allowed Secured Claim Public Service Credit Union.

<u>Class 9</u> – The Allowed Secured Claim of Security Service Federal Credit Union.

<u>Class 10</u> - All Allowed unsecured Claims, other than priority claims.

<u>Class 11</u> –The Interests held by pre-confirmation shareholders.

# ARTICLE IV

## SPECIFICATION AND TREATMENT OF UNCLASSIFIED PRIORITY CLAIMS

As provided in Section 1123(a)(1) of the Code, the Claims against the Debtors covered in this Article IV are not classified. The holders of such Allowed Claims are not entitled to vote on the Plan.

4.1 - The holders of Allowed Claims of the type specified in Section 507(a)(2) of the Code, Administrative Claims, shall receive cash equal to the Allowed amount of such Claim or a lesser amount or different treatment as may be acceptable and agreed to by particular holders of such

5

Claims. Such Claims shall be paid in full on the Effective Date of the Plan, or, if agreed to by the claim holder, in full from the Unsecured Creditor Account established pursuant to paragraphs 7.1 and 9.2 of this Plan or treated as otherwise agreed to by the particular holders of such Claims. Section 507(a)(2) Administrative Claims that are Allowed by the Court after the Effective Date of the Plan shall be paid upon Allowance.

4.2 – The Allowed Claims of a type specified in Section 507(a)(8) of the Code, Tax Claims of governmental taxing authorities, shall be paid on the Effective Date of the Plan.

4.3 - The Debtors will make all payments required to be paid to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) until the case is closed, converted, or dismissed. All payments due to the U.S. Trustee pursuant to 28 U.S.C. § 1930(a)(6) shall be paid on the Effective Date of the Plan, and the U.S. Trustee shall thereafter be paid fees due on a quarterly basis until the case is closed, converted, or dismissed.

## ARTICLE V
## SPECIFICATION AND TREATMENT OF CLASS 1 CLAIM

5.1 - The Allowed Class 1 Priority Claims shall be paid in full on the Effective Date of the Plan. The Class 1 Claims for certain pre-petition wages and employee Claims are more particularly described in Sections 507(a)(4), 507(a)(5), and 507(a)(6) of the Code.

## ARTICLE VI
## SPECIFICATION AND TREATMENT OF SECURED CREDITOR CLAIMS

6.1 – **Countrywide Bank.** Class 2 consists of the Allowed Secured Claim of Countrywide Bank on account of the first mortgage or deed of trust encumbering the 5019 Carefree Trail, Parker, Colorado property. The Class 2 claim will be treated under this Plan as follows:

    a. The principal amount of the Class 2 claim will be allowed in the amount of $910,000, or, if Countrywide Bank objects to this amount, then the claim amount will determined by the Court at the confirmation hearing, or will be an amount as agreed upon by the Debtors and the Class 2 claimant on or before the Confirmation Date. Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral for the claim and unsecured for the balance.

    b.    The Class 2 claim will bear interest at the rate of: (i) 6% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 2 claimant objects to such rate in writing and serves a copy of such objection on the Debtors at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. § 1129(b) of the Code; or (iii) such other rate as agreed by Debtors and the Class 2 claimant.

    c.    The Class 2 Allowed Secured Claim will be amortized over a thirty (30) year period and paid in equal monthly installments.

    d.    The Class 2 claimant will retain all liens that secured its claim as of the Petition Date.

**6.2 – JP Morgan Chase Bank NA (f/k/a Washington Mutual).** Class 3 consists of the Secured Claim of JP Morgan Chase Bank NA (f/k/a Washington Mutual) on account of the second mortgage or deed of trust encumbering the 5019 Carefree Trail, Parker, Colorado property. The Class 3 claim will be treated under this Plan as follows:

    a.    The property securing the Class 3 claim shall be valued at $910,000. The lien of JP Morgan Chase Bank NA (f/k/a Washington Mutual) shall be released and the Class 3 claim shall be treated as a Class 10 general unsecured claim pursuant to 11 U.S.C. § 506.

    b.    To the extent JP Morgan Chase Bank NA (f/k/a Washington Mutual) objects to its treatment under subparagraph a above, the principal amount of the Class 3 claim will be allowed in an amount determined by the Court at the confirmation hearing, or an amount as agreed upon by the Debtors and the Class 3 claimant on or before the Confirmation Date. Pursuant to 11 U.S.C. § 506, the claim is secured up to the value of the collateral for the claim and unsecured for the balance.

    c.    The Class 3 claim, if allowed as a secured claim, will bear interest at the rate of: (i) 6½% per annum commencing on the Effective Date of the Plan; or (ii) if the Class 3 claimant objects to such rate in writing and serves a copy of

7

such objection on the Debtors at least fifteen (15) days prior to the commencement of the confirmation hearing, such rate will be determined by the Court as necessary to satisfy the requirements of 11 U.S.C. § 1129(b) of the Code; or (iii) such other rate as agreed by Debtors and the Class 3 claimant.

d. The Class 3 Allowed Secured Claim will be amortized over a thirty (30) year period and paid in equal monthly installments.

e. If not avoided pursuant to 11 U.S.C. § 506 as detailed in paragraph a above, then the Class 3 claimant will retain all liens that secured its claim as of the Petition Date.

6.3 – **Aurora Loan Services.** Class 4 consists of the Allowed Secured Claim of Aurora Loan Services on account of the first mortgage or deed of trust encumbering the 8626 South 51st Street, Unit 1, Phoenix, Arizona property. The Class 4 claim will be treated under this Plan as follows:

a. The Class 4 Allowed Secured Claim is unimpaired by this Plan. The Class 4 Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class 4 claimant is entitled shall be unaltered by the Plan.

b. The property securing the Class 4 claim shall be deemed on the Effective Date of the Plan surrendered to Aurora Loan Services.

6.4 – **Aurora Loan Services.** Class 5 consists of the Secured Claim of Aurora Loan Services on account of the second mortgage or deed of trust encumbering the 8626 South 51st Street, Unit 1, Phoenix, Arizona property. The Class 5 claim will be treated under this Plan as follows:

a. The Class 5 Allowed Secured Claim is unimpaired by this Plan. The Class 5 Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class 5 claimant is entitled shall be unaltered by the Plan.

  b. The property securing the Class 5 claim shall be deemed on the Effective Date of the Plan surrendered to Aurora Loan Services.

 6.5 - **Indy Mac Federal Bank.** Class 6 consists of the Allowed Secured Claim of Indy Mac Federal Bank encumbering the 7767 South Gozzer Road, Harrison, Idaho property. The Class 6 claim will be treated under this Plan as follows:

  a. The Class 6 Allowed Secured Claim is unimpaired by this Plan. The Class 6 Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class 6 claimant is entitled shall be unaltered by the Plan.

  b. The property securing the Class 6 claim shall be deemed on the Effective Date of the Plan surrendered to Indy Mac Federal Bank.

 6.6 - **Kootenai County Treasurer.** Class 7 consists of the Allowed Secured Claim of Kootenai County Treasurer encumbering the 7767 South Gozzer Road, Harrison, Idaho property. The Class 7 claim will be treated under this Plan as follows:

  a. The Class 7 Allowed Secured Claim is unimpaired by this Plan. The Class 7 Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of applicable law which support, evidence, and underlie the Allowed Secured Claim. The legal and equitable rights to which the Class 7 claimant is entitled shall be unaltered by the Plan.

  b. The property securing the Class 7 claim shall be deemed on the Effective Date of the Plan surrendered to the Kootenai County Treasurer.

 6.7 - **Public Service Credit Union.** Class 8 consists of the Allowed Secured Claim of Public Service Credit Union. The Class 8 Allowed Secured Claim is unimpaired by this Plan. The Class 8 Secured Claim will be Allowed in its full amount pursuant to the terms and conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class 8 claimant is entitled shall be unaltered by the Plan.

 6.8 - **Security Service Federal Credit Union.** Class 9 consists of the Allowed Secured Claim of Secuirty Service Federal Credit Union. The Class 9 Allowed Secured Claim is unimpaired by this Plan. The Class 9 Secured Claim will be Allowed in its full amount pursuant to the terms and

conditions of the underlying loan documents which support, evidence, and underlie the Allowed Secured Claim. The legal, equitable and contractual rights to which the Class 9 claimant is entitled shall be unaltered by the Plan.

## ARTICLE VII
## SPECIFICATION AND TREATMENT OF UNSECURED CREDITOR CLAIMS

7.1 - Class 10 consists of the Allowed Claims of unsecured creditors. Class 10 claimants will be paid the payments set forth herein. Commencing with the month following the Effective Date of the Plan, and continuing for each successive month, the Debtors will make a deposit of $1,111 into a segregated account until Unclassified Priority Claims are paid in full and Class 10 has been paid $40,000. The Debtors will deposit the $1,111 into the Unsecured Creditor Account within fifteen (15) days of the end of the month for which the deposit pertains. Each time six monthly deposits have been made to the Unsecured Creditor Account, the Debtors shall make a distribution to Unclassified Priority Claim holders until paid in full and then to Class 10 on a pro-rata basis, within ten (10) days of making the sixth deposit.

7.2 – The Debtors may pre-pay the Unclassified Priority Claimants and the $40,000 to Class 10, at which time the Debtors' obligations to Class 10 shall be deemed satisfied in full.

7.3 - All funds recovered by the Debtors or creditors on account of Avoidance Actions shall be distributed to Class 10 on a pro-rata basis, net of attorneys fees and costs. Whether or not the Debtors pursue any Avoidance Actions shall be up to the Debtors and the decision to pursue such claims shall be discretionary with the Debtors.

## ARTICLE VIII
## SPECIFICATION AND TREATMENT OF CLASS 6 INTERESTS

8.1 - Class 11 consists of the Interests of the Jacksons in their personal property. Class 11 is unimpaired by the Plan.

# ARTICLE IX
# MEANS FOR THE PLAN'S EXECUTION

9.1 – **Plan Funding**. The Debtors shall be empowered to take such action as may be necessary to perform their obligations under the Plan.

9.2 – **Unsecured Creditor Account.** On the Effective Date of the Plan, the Debtors will open a separate interest bearing deposit account at a Federally insured commercial bank selected by the Debtors. The bank account will be maintained by the Debtors as the Unsecured Creditor Account into which all payments made by the Debtors for the benefit of the Unclassified Priority Claimants and the Class 10 creditors will be made until the term of the Plan is completed.

9.3 - **Disputed Claim Procedure**. Distributions to any class of creditor will only be made on account of Allowed Claims. In the event that distributions are made at a time that a claim objection is pending before the Court or a judgment has entered to establish a Claim and the judgment is not subject to a Final Order, the portion of the distribution that would be paid to the disputed claimant will be held by the Debtors in an interest bearing bank account until the Claim is Allowed or disallowed. If Allowed, the Claim will be paid its appropriate share of the withheld payment with interest. If disallowed, the withheld distribution will be paid on a Pro Rata basis to the remaining Allowed claimants.

9.4 - **Claims and Litigation Bar Date**. All Claim objections and Avoidance Actions in the case must be filed no later than 90 days following the Effective Date of the Plan.

9.5 - **Administrative Expense Bar Date**. All applications for allowance and payment of Administrative Claims, including Professional Fees, must be filed within 45 days following the Effective Date of the Plan.

9.6 - **Monthly Installments.** Whenever the Plan provides for payment in monthly installments or a payment due in a certain month, the payment shall be due on the last day of the calendar month in which the payment is due, unless otherwise specified in the Plan. The Debtors shall then have a ten day grace period within which the monthly payment must be received by the payee before the Debtors shall be in default.

9.7 - **Final Decree.** The Debtors will request entry of a final decree closing the case on or before the later of the date all Claim objections and any pending litigation is concluded or 180 days after the Effective Date of the Plan.

9.8 - **Quarterly Fees.** Prior to the entry of the final decree, the Debtors shall continue to remit quarterly fees and post-confirmation reports to the United States Trustee, as required by statute.

## ARTICLE X
## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

10.1 - On the Effective Date of the Plan, the Debtors do hereby assume those executory contracts and unexpired leases listed in Exhibit A attached hereto and incorporated herein by reference, which have not been assumed by prior Order of the Court prior to the Confirmation Date. On the date of the entry of an Order confirming the Plan, the Debtors shall be the holder of all right, title and interest to the assumed leases and contracts and such assumed leases and contracts shall be in full effect and binding upon the Debtors and the respective lessees. Confirmation of the Plan shall constitute a determination that the payments to be made to said creditors pursuant to the Plan satisfy all conditions precedent to assumption set forth in 11 U.S.C. § 365(b).

10.2 - On the Effective Date of the Plan, the Debtors will reject all executory contracts and unexpired leases to which it is a party which are listed in Exhibit B, attached hereto and incorporated herein by reference which have not been rejected by prior Order of the Bankruptcy Court prior to the date of confirmation. Executory contracts and unexpired leases will be rejected pursuant to the provisions of 11 U.S.C. § 365. In addition, any executory contract not assumed in accordance with the Plan shall be rejected.

10.3 - An Order confirming this Plan constitutes approval by the Court of the assumption or rejection of the executory contracts and unexpired leases described herein in accordance with the provisions of 11 U.S.C. § 365 and the Rules.

10.4 - Claims Arising from Rejection. All proofs of claim with respect to claims arising from the rejection of any executory contract or unexpired lease shall be filed with the Bankruptcy Court within twenty (20) days after the earlier of (i) the date of the Bankruptcy Court order approving the Debtors' rejection of such executory contract or unexpired lease or (ii) the Confirmation Date. Any claims not filed within such time shall be forever barred against the Debtors, its estate and property and any such Claims shall be disallowed in full. Claims arising from such rejection, to the extent Allowed, shall be treated as Class 5 unsecured Claims.

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

11.1 - **Revestment.** The entry of an Order confirming this Plan shall revest in the Debtors all property of the estate free and clear of all liens except those specifically set forth in the Plan.

11.2 - **Retention of Jurisdiction.** Notwithstanding confirmation of the Plan, the Court shall retain jurisdiction for the following purposes:

1. Determination of the allowability of claims upon objection to such claims by the Debtors-in-Possession or by any other party in interest;
2. Determination of the request for payment of claims entitled to priority under 11 U.S.C. Section 507(a)(1), including compensation of the parties entitled thereto;
3. Resolution of any disputes regarding interpretation of the Plan;
4. Implementation of the provisions of the Plan and entry of orders in aid of consummation of the Plan, including without limitation, appropriate orders to protect the revested Debtors from action by creditors;
5. Modification of the Plan pursuant to 11 U.S.C. § 1127;
6. Adjudication of any causes of action, including avoiding powers actions, brought by the Debtors-in-Possession, by the representative of the estate or by a Trustee appointed pursuant to the Code;
7. Adjudication of any cause of action brought by the Debtors-in-Possession, by the representative of the estate, or by a Trustee appointed pursuant to the Code, or the revested Debtors exercising rights and powers as provided in 11 U.S.C. § 542-549. This section shall not be construed to limit any other power or right which the Debtors may possess under any section of the Code; and
8. Entry of a final decree.

11.3 - **Satisfaction of Claims.** The Jacksons shall receive a discharge pursuant to Section 1141(d). Confirmation of the Plan shall constitute a modification of any note or obligation for which specification and treatment is provided under the Plan as set forth in the Plan. Any obligation or note, previously in default, so modified, shall be cured as modified as of the Confirmation Date. This provision shall be operable regardless of whether the Plan provides for any obligation to be evidenced by a rewritten loan or security document following confirmation of the Plan.

11.4 - **Headings**. The headings used in the Plan are for convenience of reference only and shall not limit or in any manner affect the meaning or interpretation of the Plan.

11.5 - **Notices**. All notices, requests, demands, or other communications required or permitted in this Plan must be given in writing to the party(ies) to be notified. All communications will be deemed delivered when received at the following addresses:

    a.    To Debtors:

Douglas Jackson
5019 Carefree Trail
Parker, Colorado 80134

With a copy to:

Aaron A. Garber, Esq.
Kutner Miller Brinen, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Fax: 303-832-1510
Email:aag@kutnerlaw.com

    b.    To an allowed claimant, at the addresses set forth in the allowed Proof of Claim, if filed, other, at the address set forth for the claimant in the Debtors' Schedules filed with the Court.

11.6 - **Successors and Assigns**. The Plan will be binding upon the Debtors, any creditor affected by the Plan and their heirs, successors, assigns and legal representatives.

11.7 - **Unclaimed Payments**. If a person or entity entitled to receive a payment or distribution pursuant to this Plan fails to negotiate a check, accept a distribution or leave a forwarding address in the event notice cannot be provided as set forth in paragraph 11.5, within one (1) year of the Effective Date of the Plan, the person or entity is deemed to have released and abandoned any right to payment or distribution under the Plan.

11.8 - **Committee Termination**. On the Effective Date of the Plan, any Committee which may have been appointed in the bankruptcy case shall terminate.

11.9 – **Enforceability of Plan.** Once the Confirmation Order is entered, the Plan shall constitute the surviving contract and obligation of the Debtors. The obligations of the Debtors to their creditors under the Plan are contractual in nature. The Plan will constitute a contractual

14

obligation and agreement of the Debtors with its creditors and may be enforced as such. The Plan shall supercede the Disclosure Statement and if any conflict exists between the Plan and the Disclosure Statement, the Plan shall govern. Upon confirmation, the Plan shall supercede the Disclosure Statement and shall be the governing document by and between the Debtors and their creditors who are treated and provided for under the Plan.

11.10 – **Contractual Relationship.** The Plan, upon confirmation, constitutes a new contractual relationship by and between the Debtors and their creditors. In the event of a default by the Debtors under the Plan, creditors shall be entitled to enforce all rights and remedies against the Debtors for breach of contract under the Plan. Any secured creditor claiming a breach of the Plan by the Debtors will be able to enforce all of their rights and remedies including foreclosure of their deed of trust, security agreement, lien, or mortgage pursuant to the terms of such document. Any creditor claiming a breach by the Debtors must provide written notice to the Debtors of the claimed default, the notice must provide the Debtors a ten (10) day period within which to cure the claimed default. Upon the Debtors' failure to cure the default within such ten (10) day period, the creditor may proceed to exercise their rights and remedies.

## ARTICLE XII
## CONFIRMATION REQUEST

12.1 - The Debtors, as proponents of the Plan, requests confirmation of the Plan pursuant to 11 U.S.C. § 1129. The Debtors will solicit acceptance of the Plan after their Disclosure Statement has been approved by the Court and is transmitted to the creditors, interest holders and parties in interest. In the event the Debtors does not obtain the necessary acceptances of its Plan, they may make application to the Court for confirmation of the Plan pursuant to 11 U.S.C. § 1129(b). The Court may confirm the Plan if it does not discriminate unfairly and is fair and equitable with respect to each class of Claims or Interests that is impaired and has not voted to accept the Plan.

DATED: July 20, 2009

DEBTORS

By: _____
Douglas L. Jackson

By: _____
Holly K. Jackson

15

Aaron A. Garber, Esq.

Kutner Miller Brinen, P.C.
303 East 17th Avenue, Suite 500
Denver, CO 80203
Telephone: 303- 832-2400
Fax: 303-832-1510
Email: lmk@kutnerlaw.com

ATTORNEYS FOR DOUGLAS JACKSON
AND HOLLY JACKSON
DEBTORS AND
DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

I do hereby certify that on this 20th day of July, 2009, a true and correct copy of the foregoing **CHAPTER 11 PLAN OF REORGANIZATION DATED JULY 20, 2009** was deposited in the United States mail, postage prepaid, addressed to the following:

Paul V. Moss, Esq.
United States Trustee's Office
999 18th Street
Suite 1551
Denver, CO 80202

Toni M.N. Dale, Esq.
Holly L. Decker, Esq.
Dale & Decker, LLC
2 Inverness Drive East
Suite 105
Englewood CO 80112

Susan J. Hendrick, Esq.
Aronowitz & Mecklenburg, LLP
1199 Bannock Street
Denver, CO 80204

/s/ Vicky L. Martina
Vicky L. Martina

## **EXHIBIT A**

Executory Contracts and Unexpired Leases Assumed

1. All contracts and leases previously assumed or for which a motion to assume is pending.

2. All leases and contracts not specifically rejected.

# **EXHIBIT B**

Executory Contracts and Unexpired Leases Rejected

1. All leases and contracts previously rejected by Court Order.

2.